UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS GUTIERREZ JR.,<br><br>    Plaintiff,<br><br>  v.<br><br>OAK SMITH, et al.,<br><br>    Defendants. | Case No. 23-cv-01372-DMR<br><br>**ORDER OF TRANSFER** |

Petitioner, a state prisoner who is incarcerated at San Quentin State Prison, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction obtained in the Solano County Superior Court. [Docket No. 1.]

A petition for a writ of habeas corpus made by a person in custody under the judgment and sentence of a state court of a State which contains two or more federal judicial districts may be filed in either the district of confinement or the district of conviction. *See* 28 U.S.C. § 2241(d). The district court where the petition is filed, however, may transfer the petition to the other district in the furtherance of justice. *See id*. Federal courts in California traditionally have chosen to hear petitions challenging a conviction or sentence in the district of conviction. *See Dannenberg v. Ingle*, 831 F. Supp. 767, 767 (N.D. Cal. 1993); *Laue v. Nelson*, 279 F. Supp. 265, 266 (N.D. Cal. 1968). If the petition is directed to the manner in which a sentence is being executed, e.g., if it involves parole or time credits claims, the district of confinement is the preferable forum. *See* Habeas L.R. 2254-3(a); *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989).

Here, Petitioner challenges a conviction and sentence incurred in the Solano County Superior Court, which is within the venue of the Eastern District of California. Therefore, the United States District Court for the Eastern District of California has jurisdiction over this matter.

Pursuant to 28 U.S.C. § 1406(a) and Habeas L.R. 2254-3(b), and in the interest of justice,

1  this action is TRANSFERRED to the United States District Court for the Eastern District of

2  California.¹  The Clerk shall transfer the case forthwith.  Petitioner's administrative motion to

3  relate this case to *Johnson v. Allen*, Case No. 23-cv-01374-RMI (Docket No. 3) is denied as moot.

5  **IT IS SO ORDERED.**

6  Dated: April 13, 2023



_____
Donna M. Ryu
Chief Magistrate Judge

---

¹ Venue transfer is a non-dispositive matter and, thus, it falls within the scope of the jurisdiction of the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A).

2